UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LYNN D. CROUCH,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        Case No. _____
                                         )
CITY OF MILLERSVILLE, TENNESSEE,         )        JURY DEMAND
MILLERSVILLE POLICE DEPARTMENT,          )
BRIAN ELSTEN, in his official and individual   )
capacities, DON LONG, in his official and    )
individual capacities, CARYN MILLER,     )
in her official and individual capacities,   )
MARK PALMER, in his official and individual  )
capacities, and JOHN DOES 1-10,          )
                                         )
        Defendants.                      )

## COMPLAINT

Plaintiff, Lynn D. Crouch, seeks redress pursuant to 42 U.S.C. §§ 1983 and 1988, and

alleges as his cause of action against Defendants City of Millersville, Millersville Police

Department, Brian Elsten, Don Long, Caryn Miller, Mark Palmer, and John Does 1-10, as

follows:

## PARTIES

1.      Plaintiff, Lynn D. Crouch, is a citizen and resident of Robertson County,

Tennessee.

2.      Defendant City of Millersville, Tennessee, is located in Robertson and Sumner

Counties, Tennessee. One of its departments is Defendant Millersville Police Department located

at 1246 Louisville Highway, Millersville, Tennessee. The agents of the City of Millersville and

Millersville Police Department violated Plaintiff's constitutional rights as detailed herein.

3.      On information and belief, Defendant Brian Elsten is a citizen and resident of Sumner County, Tennessee. At all relevant times, he was an Officer with the Millersville Police Department.

4.      On information and belief, Defendant Don Long is a citizen and resident of Sumner County, Tennessee. At all relevant times, he was a Detective with the Millersville Police Department.

5.      On information and belief, Defendant Caryn Miller is a citizen and resident of Sumner County, Tennessee. At all relevant times, she was the City Manager for the City of Millersville.

6.      On information and belief, Defendant Mark Palmer is a citizen and resident of Sumner County, Tennessee. At all relevant times, he was the Police Chief for the Millersville Police Department.

7.      John Does 1-10 are persons or entities who were involved in depriving Plaintiff of his constitutional rights. John Does 1-10 will be identified through discovery but are not presently known to Plaintiff.

8.      At all relevant times, Defendants acted within the scope of their employment and under color of state law.

## JURISDICTION AND VENUE

9.       This Court has jurisdiction under 28 U.S.C. § 1331.

10.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

### Search of Plaintiff's property at 1201 Louisville Highway; criminal citation

11.     On October 17, 2017, following an alleged 911 hang-up call, officers from the Millersville Police Department, including Defendant Elsten, responded to a house located at 1201 Louisville Highway in Millersville, Tennessee.

12.     Plaintiff owned the property located at 1201 Louisville Highway.

13.     Upon their arrival at the property, the police officers found Desiree Moss there. She was at the property with Plaintiff's consent.

14.     The police officers indicated that they were required to search the property before they could leave.

15.     Plaintiff, who was not present when the police officers arrived, came to the property.

16.     Based upon the police officers' statements that they were required to search the property, Plaintiff permitted the officers to walk through the house.

17.     The police officers searched Ms. Moss's personal bag and found heroin and cocaine inside.

18.     Ms. Moss was arrested for possession of a controlled substance, possession of drug paraphernalia, and prostitution.

19.     Plaintiff was cited for patronizing prostitution.

20.     According to records from the Millersville Police Department, Ms. Moss allegedly told the police that Plaintiff sometimes withdrew money from the bank to pay for drugs and made withdrawals from various banks and then met her and her source of supply for marijuana, heroin, or pills at various locations.

3

21.     These statements were false.

22.     Plaintiff did not place the alleged 911 call that caused the police officers to respond to the property at 1201 Louisville Highway.

23.     Ms. Moss did not place the alleged 911 call that caused the police officers to respond to the property at 1201 Louisville Highway.

**Search and seizure of Plaintiff's property**

24.     On October 24, 2017, members of the Millersville Police Department, including Defendants Elsten and Long, obtained and executed a search warrant for Plaintiff's property located at 1921 Highway 31 W located in White House, Tennessee.

25.     Plaintiff was provided with a copy of a purported warrant, but it has turned out not to be a lawful warrant signed by a judge.

26.     During the search, the police officers seized certain items of Plaintiff's personal property, including computers and other electronic devices.

27.     Plaintiff was not provided with an inventory of the property seized at the conclusion of the search.

28.     During the search, the police officers seized certain items of Plaintiff's personal property with the intent to have the items forfeited under Tennessee's criminal forfeiture statute, presumably because of Ms. Moss's statements concerning Plaintiff. These items included $21,959 in cash, a 2015 Chevrolet Silverado, and a 2015 Volkswagen Jetta.

29.     Defendant Elsten also seized $12,598.13 from Plaintiff's bank account at U.S. Bank and $24,450.64 from Plaintiff's bank account at The Farmers Bank.

30.     Defendant Elsten executed a Notice of Seizure for each item that was seized.

4

31.     Plaintiff did not receive a copy of the Notice of Seizure for the U.S. Bank account from the Millersville Police Department.

32.     On the Notice of Seizure for the 2015 Chevrolet Silverado, Defendant Elsten wrote "Heroin" and "3 gms" under the "DRUGS" section of the form.

33.     No drugs were found in the 2015 Chevrolet Silverado.

34.     The representation that drugs were found in the 2015 Chevrolet Silverado was false.

35.     On the Notice of Seizure for the 2015 Volkswagen Jetta, Defendant Elsten wrote "Heroin" and "3 gms" under the "DRUGS" section of the form.

36.     No drugs were found in the 2015 Volkswagen Jetta.

37.     The representation that drugs were found in the 2015 Volkswagen Jetta was false.

38.     Around November 20, 2017, Defendant Elsten appeared before the Sumner County Circuit Court for a forfeiture-warrant hearing for each item sought to be forfeited.

39.     Defendant Elsten appeared before the Sumner County Circuit Court for the forfeiture-warrant hearings even though the $21,959 in cash, the 2015 Chevrolet Silverado, and the 2015 Volkswagen Jetta were seized in Robertson County.

40.     For the 2015 Chevrolet Silverado, the 2015 Volkswagen Jetta, and the contents of Plaintiff's bank accounts at U.S. Bank and The Farmers Bank, the Sumner County Circuit Court found that Defendant Elsten established probable cause to believe that the property was subject to forfeiture.

41.     But for the $21,959 in cash, Sumner County Circuit Court found that Defendant Elsten failed to establish probable cause to believe that the property was subject to forfeiture and ordered that the property be returned to Plaintiff.

42. In addition to the bank account at U.S. Bank, Plaintiff was also a co-owner of a safe deposit box at U.S. Bank.

43. At the forfeiture-warrant hearing, Defendant Elsten failed to establish probable cause to believe that Plaintiff's safe deposit box at U.S. Bank was subject to forfeiture.

44. Nevertheless, after the forfeiture-warrant hearings were conducted, Defendant Elsten contacted Plaintiff's criminal attorney and requested access to Plaintiff's safe deposit box at U.S. Bank. Plaintiff's criminal attorney refused.

45. On December 5, 2017, Plaintiff's criminal attorney filed a Motion for Clarification with the Sumner County Circuit Court, arguing that there was no testimony concerning the safety deposit box at the forfeiture-warrant hearing and asking the Sumner County Circuit Court to make a specific ruling that there was no probable cause for Defendant Elsten to seize the safe deposit box. The Motion for Clarification was set for hearing on December 15, 2017.

46. On December 14, 2017, the Sumner County Circuit Court entered an order on the Motion for Clarification, finding that "[n]o testimony was given during the probable cause hearing to establish a nexus between the alleged criminal activity and the contents of safe deposit box #126. Therefore, the contents of safe deposit box #126 are excluded from this court's order finding probable cause to seize account #151206138977."

47. On December 14, 2017, Defendants Elsten and Long went to U.S. Bank, had Plaintiff's safe deposit box drilled open, and seized $100,000 from Plaintiff's safe deposit box.

### Return of Plaintiff's property

48. Eventually, all of Plaintiff's seized personal property was returned.

49.     Some of Plaintiff's personal property was returned directly from the City of Millersville.

50.     The remainder of Plaintiff's personal property was returned when the Tennessee Department of Safety and Homeland Security filed a Motion for Order of Voluntary Dismissal and Notice in the related administrative proceeding and the administrative law judge ordered that the property be returned.

### Responsibility of Caryn Miller, Mark Palmer, the City of Millersville, and the Millersville Police Department

51.     On information and belief, Plaintiff avers that the City of Millersville, through Caryn Miller, Mark Palmer, or through another decision-making person, was responsible for the violation of Plaintiff's constitutional rights.

52.     Plaintiff is informed and believes that Caryn Miller directed the Millersville Police Department to find a means to seize his property—even if unconstitutionally—and attempt to have it forfeited because she thought that the City of Millersville would keep any property that was forfeited.

53.     Plaintiff is informed and believes that some subordinate officers with the Millersville Police Department viewed Caryn Miller as their supervisor and followed her directions and orders. Some subordinate officers told others in the Millersville Police Department that they answered to Caryn Miller.

54.     Alternatively, Mark Palmer or a decision-making person for the City of Millersville and/or the Millersville Police Department directed Defendants Elsten and Long to seize Plaintinff's property in violation of Plaintiff's constitutional rights.

55.     As evidenced by the facts of this very case, in which Defendants Elsten and Long first seized $21,959 of Plaintiff's cash without probable cause, and then seized $100,000 of

7

Plaintiff's cash from the safe deposit box (knowing that the Sumner County Circuit Court had not ruled on the safe deposit box and knowing that there was no probable cause to seize the contents of the safe deposit box), the City of Millersville and/or the Millersville Police Department had a policy or custom of seizing property unconstitutionally and attempting to have the property forfeited.

56.    Mark Palmer and the City of Millersville failed to properly train and supervise the members of the Millersville Police Department concerning the search and seizure of citizens' property.

57.    Because of their failure to train, Defendants Elsten and Long searched and seized Plaintiff's property without probable cause and thus violated his constitutional rights.

58.    Had the members of the Millersville Police Department been properly trained concerning the requirements of property seizures, Plaintiff's constitutional rights would not have been violated.

## COUNT I:  CIVIL RIGHTS

59.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

60.    Defendants are liable to Plaintiff for compensatory and punitive damages for violation of 42 U.S.C. § 1983.

61.    Defendants acted at all relevant times within the scope of their employment and under color of state law.

62.    Defendants violated Plaintiff's constitutional rights to be secure in his person, houses, papers, and effects from unreasonable searches and seizures.

8

63.     Defendants caused Plaintiff's property (including, but not limited to Plaintiff's safe deposit box) to be searched without probable cause.

64.     Defendants caused Plaintiff's property (including, but not limited to the contents of Plaintiff's safe deposit box and Plaintiff's cash) to be seized without probable cause.

65.     Defendants, including Defendant City of Millersville, created a system by which citizens' property is subject to search and seizure without probable cause.

66.     Defendants' deliberate indifference for and intentional violation of Plaintiff's constitutional rights make punitive damages appropriate.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands the following:

1.     That proper process be issued and served upon Defendants, and that they be required to appear and answer this Complaint within the time prescribed by law;

2.     That the Court empanel a jury to hear this cause;

3.     That judgment be entered in favor of Plaintiff and against Defendants for economic and noneconomic damages in an amount sufficient to compensate Plaintiff for the injuries, damages, and pain and suffering of Plaintiff;

4.     That judgment be entered in favor of Plaintiff and against Defendants for punitive damages sufficient to punish Defendants for their behavior and to deter others similarly situated from engaging in such behavior in the future;

5.     That Plaintiff be awarded costs and attorneys' fees incurred in the commencement and pursuit of this litigation, pursuant to 42 U.S.C. §§ 1983 and 1988; and

6.     That Plaintiff be awarded such additional and/or alternative relief as justice may require.

9

Respectfully submitted,

**NEAL & HARWELL, PLC**


By:    /s/ Philip N. Elbert
         Philip N. Elbert, No. 9430
         Christopher M. Bellamy, No. 31798
         Benjamin C. Aaron, No. 34118

1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile
pelbert@nealharwell.com
cbellamy@nealharwell.com
baaron@nealharwell.com

*Counsel for Plaintiff*