UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LYNN CROUCH | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:18-cv-01140 |
| vs. | ) Judge Crenshaw / |
| | ) Magistrate Judge Newbern |
| THE CITY OF MILLERSVILLE, TENNESSEE | ) |
| MILLERSVILLE POLICE DEPARTMENT, | ) |
| BRIAN ELSTEN, in his official and individual | ) |
| capacities, DON LONG, in his official and individual | ) |
| capacities, CARYN MILLER, in her official and | ) |
| individual capacities, MARK PALMER, in his official | ) |
| and individual capacities, and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT, MILLERSVILLE POLICE DEPARTMENT**

Defendant, the Millersville Police Department (the "MPD"), by counsel, submit this memorandum of law to support its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I.  STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, the Court should view the complaint in the light most favorable to the Plaintiff, accepting all well-pled factual allegations as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). "However, the Court need not accept as true legal conclusions or unwarranted factual inferences." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citations omitted). *See also Republic Steel Corp. v. Pennsylvania Engineering Corp.*, 785 F.2d 174, 177 n.2 (7th Cir. 1986). Nor is the Court required to accept as true legal conclusions couched as factual allegations. *Iqbal,* 556 U.S. at 677-78. The challenged claim must at least

give the defendant fair notice of what the claim is and the grounds on which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Moreover, a plaintiff must have included sufficient facts to make the claim "plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007).

## II. ARGUMENT

### The Police Department Is Not a Proper Defendant.

The Millersville Police Department is not a separate legal entity from the City and is not capable of being sued. It should be dismissed from this action. The federal district court for the Eastern District of Tennessee accurately summarized the case law in *Dunfee v. Sevierville Police Dept.*, 3:13-CV-378-TAV-HBG, 2014 WL 1094440 (E.D. Tenn. Mar. 19, 2014):

> [T]he Court finds that Sevierville PD is not an entity capable of being sued in this matter because it is not a legal entity separate from the city of Sevierville. *See CP ex rel. Powell v. Alcoa Police Dep't*, No. 3:10–CV–197, 2010 WL 2698290, at *2 (E.D.Tenn. July 6, 2010) ("[I]t is clear that defendant Alcoa Police Department is not an entity capable of being sued under 42 U.S.C. § 1983."); *Jones v. Yancy*, No. 07–2263, 2010 WL 625392, at *1 (W.D.Tenn. Feb.17, 2010) (noting that, when faced with federal constitutional and state law claims against a police department, "[t]his Court dismissed the Memphis Police Department as a Defendant ... because [plaintiff's] claims properly lay against the City"); *Marine v. City of Chattanooga, Tenn.*, No. 1:09–CV–219, 2009 WL 4348587, at *1 n. 1 (E.D.Tenn. Nov.24, 2009) (holding that, when faced with federal constitutional and state law claims against a police department, "[t]he Chattanooga Police Department is simply a part of the City of Chattanooga and as such is not an entity capable of being sued.").

*Dunfee v. Sevierville Police Dept.*, 3:13-CV-378-TAV-HBG, 2014 WL 1094440, at *2 (E.D. Tenn. Mar. 19, 2014).

> More recently, this Court held:
>
> First, the complaint names the Mt. Pleasant Police Department as a defendant to this action. However, police departments and sheriff's departments are not proper parties to a § 1983 suit; they are not bodies politic and, as such, not "persons" within the meaning of § 1983. *See, e.g., Smith v. Tenn. Dep' t of Corr.*, No. 3:09–cv–0485, 2009 WL 1505308, at *3 (M.D. Tenn. May. 27, 2009). Therefore, the Mt. Pleasant Police Department is not a suable entity under § 1983. *See Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases)). The Plaintiff's claims against the Mt. Pleasant Police Department must be dismissed.

*Harlan v. Bolton*, 1:17-CV-00028, 2017 WL 1373426, at *2 (M.D. Tenn. Apr. 17, 2017).

## III. CONCLUSION

For the foregoing reasons, the MPD requests that its motion to dismiss be granted.

Respectfully submitted,

*/s/ Mark E. McGrady*
Mark E. McGrady (#30026)
Farrar & Bates, LLP
211 7th Ave. North, Ste. 500
Nashville, TN 37219
(615) 254-3060
*Attorney for Defendant, City of Millersville, Millersville Police Department, Mark Palmer and Don Long*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of November 2018, a true and correct copy of the foregoing document was forwarded to the following via the court's electronic filing system:

Philip N. Elbert
Christopher M. Bellamy
Benjamin C. Aaron
Neal & Harwell PLC
1201 Demonbreum Street, Suite 1000
Nashville, TN 37203
pelbert@nealharwell.com; cbellamy@nealharwell.com; baaron@nealharwell.com
*Attorneys for Plaintiffs*

Robert M. Burns
Austin E. Evans
Howell and Fisher, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201
rburns@howell-fisher.com; aevans@howell-fisher.com
*Attorneys for Defendant Caryn Miller*

Dan L. Nolan
Mark Nolan
Samuel Short
Batson Nolan, PLC
121 South Third Street
Clarksville, TN 37040
dlnolan@batsonnolan.com
dmnolan@batsonnolan.com
sshort@batsonnolan.com
*Attorneys for Brian Elsten*

/s/ Mark E. McGrady
Mark E. McGrady