IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LYNN D. CROUCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:18-cv-01140 |
| v. | ) Judge Waverly D. Crenshaw, Jr. |
| | ) MJ Alistair Newbern |
| CITY OF MILLERSVILLE, ET AL., | ) |
| | ) |
| Defendants. | ) Jury Demand |
| | ) |

## ANSWER OF DEFENDANT CARYN MILLER

Defendant, Caryn Miller, in response to the Complaint filed against her, states as follows:

### PARTIES

1. Upon information and belief, this Defendant admits the allegations contained in the paragraph numbered 1 of the Complaint.

2. This Defendant admits the allegations contained in the first and second sentences of the paragraph numbered 2 of the Complaint. This Defendant denies the allegations contained in the third sentence of the paragraph numbered 2 of the Complaint.

3-4. Upon information and belief, this Defendant admits the allegations contained in the paragraphs numbered 3 and 4 of the Complaint.

5. This Defendant admits the allegations contained in the first sentence of the paragraph numbered 5 of the Complaint. This Defendant further admits that she was previously the City Manager for the City of Millersville, Tennessee; however, since the phrase "At all relevant times," is not defined, this Defendant cannot further respond.

6. Upon information and belief, this Defendant admits the allegations contained in the paragraph numbered 6 of the Complaint.

7. This Defendant denies the allegations contained in the first sentence of the paragraph numbered 7 of the Complaint. This Defendant cannot otherwise not respond to the allegations contained in the second sentence of the paragraph numbered 7 as it is unknown as to what Plaintiff may discover in the discovery process.

8. To the extent the allegations contained in the paragraph numbered 8 of the Complaint present issues to be later determined by this Court, then no response is required. However, upon information and belief, this Defendant admits that during the limited interaction she had in connection with the factual bases set forth in Plaintiff's Complaint, she was acting as City Manager for the City of Millersville.

## JURISDICTION AND VENUE

9-10. This Defendant does not dispute that this Court has jurisdiction over the claims presented against her and that venue is otherwise appropriate in this judicial district. Otherwise, this Defendant provides no response as to the other Defendants in connection with these two numbered paragraphs of the Complaint.

## GENERAL ALLEGATIONS

11-50. This Defendant has general, albeit limited, knowledge of the factual allegations set forth in the paragraphs numbered 11 through 50 of the Complaint. This Defendant admits that she had some familiarity with the occurrences of the arrests of Desiree Moss and subsequent activities undertaken by officers of the Millersville Police Department in connection with the search of the Plaintiff's property and seizure of certain personal

property. However, this Defendant notes that there is not one reference to her in any of the paragraphs numbered from 11 through 50 of the Complaint, and she therefore lacks knowledge and information sufficient to form a response to those afore-referenced paragraphs.

### **Responsibility of Caryn Miller, Mark Palmer, the City of Millersville, and the Millersville Police Department**

51. Denied.

52. Denied.

53. This Defendant lacks knowledge or information sufficient to form a response as to the truth of the allegations in the paragraph numbered 53 of the Complaint.

54. This Defendant lacks knowledge or information sufficient to form a response as to the truth of the allegations in the paragraph numbered 54 of the Complaint.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

### **COUNT I: CIVIL RIGHTS**

59. This Defendant incorporates as if fully set forth herein the entirety of her responses to the paragraphs numbered 1 through 58 of the Complaint above.

60. Denied.

61. Denied.

62. Denied.

3

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Any allegation not previously addressed is hereby denied.

68. This Defendant expressly denies that anything she did or did not do in relation to the Plaintiff constituted a violation of his rights under any law, and, she therefore is not liable to the Plaintiff for damages or in any other manner.

## **AFFIRMATIVE DEFENSES**

1. To the extent that Plaintiff's Complaint in this action fails to state a cause of action or any claim for relief against this Defendant, this Court should dismiss the Complaint in its entirety or the Plaintiff's specific allegations.

2. This Defendant is not liable to Plaintiff for attorneys fees, costs or any other form of damage or relief requested in this action.

3. This Defendant affirmatively pleads and relies upon the defense of qualified immunity, such that it should be clear that any reasonable public employee considering the totality of the circumstances upon which this action is based would have acted as she did under the circumstances.

4. In the alternative, if the Court finds this Defendant violated any right of the Plaintiff, the right was not clearly established under the circumstances at issue in this case.

5. This Defendant demands a jury of twelve to try this action.

6. This Defendant avers that she should be awarded attorneys fees and costs pursuant to 42 U.S.C. § 1988.

7. The Complaint fails to state a claim for punitive damages, but in the event that this Court holds otherwise, this Defendant denies that Plaintiff is entitled to any recovery of punitive damages against her under either federal or state law. In addition, before any such recovery can be had, this Defendant moves the Court to bifurcate the proceeding on the issue of punitive damages, pursuant to the holding of the Tennessee Supreme Court in *Hodges v. Toof*, 833 S.W.2d 896 (Tenn. 1992) and its progeny.

8. This Defendant expresses her intent to specifically reserve the right to amend her pleading and plead further based upon other facts and information that may become available during the discovery process.

WHEREFORE, having now fully answered the Complaint filed against her, Defendant Caryn Miller moves this Court to dismiss Plaintiff's claims in their entirety against her, with prejudice, and that the Court assess all costs and discretionary costs against the Plaintiff and tax her counsel's attorney fees and costs against the Plaintiff.

*/s/ Robert M. Burns*
Robert M. Burns, #15383
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203-1089
(615) 921-5211 Direct
(615) 244-3518 Fax
rburns@howell-fisher.com
*Attorney for Defendant Caryn Miller*

# CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on February 13, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system upon:

Philip N. Elbert, Esq. #9430
Christopher M. Bellamy, Esq., 31798
Benjamin C. Aaron, Esq., #34118
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
pelbert@nealharwell.com
cbellamy@nealharwell.com
baaron@nealharwell.com
*Attorneys or Plaintiff*

Mark McGrady, Esq., #30026
FARRAR & BATES, LLP
211 Seventh Avenue North, Suite 500
Nashville, TN 37219
mark.mcgrady@farrar-bates.com
*Attorney for Defendants
City of Millersville, Millersville Police
Department, Mark Palmer and Don Long*

Dan L. Nolan, Esq., #003070
Suzanne G. Marsh, Esq. #015555
D. Mark Nolan, Esq. #015859
Samuel W. Short, Esq., #035318
BATSON & NOLAN, PLC
121 South Third Street
Clarksville, TN 37040
dlnolan@batsonnolan.com
sgmarsh@batsonnolan.com
dlnolan@batsonnolan.com
sshort@batsonnolan.com
*Attorneys for Defendant, Brian Elsten*

                                              ***/s/ Robert M. Burns***
                                              Robert M. Burns